

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 MAR -8 P 4: 40
LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TONY ADAMS #00348531 | CIVIL ACTION |
| versus | NO. 06-0346 |
| WARDEN S. HOLIDAY | SECTION: "A" (1) |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

```
___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____
```

Petitioner, Tony Adams, is a state prisoner incarcerated at the Claiborne Parish Detention Center, Homer, Louisiana. On April 10, 2002, he pled guilty to three counts of distribution of cocaine in violation of La.Rev.Stat.Ann. § 40:967 and one count of aggravated burglary in violation of La.Rev.Stat.Ann. § 14:60. On that same date, he was sentenced to a term of fifteen years imprisonment on each of the four convictions. It was ordered that his sentences run concurrently and that he be given credit for time served. Also on that same date, petitioner pled guilty to being a second offender and was resentenced as such with respect to one of the counts of distribution of cocaine. However, he was again sentenced to a concurrent term of fifteen years imprisonment with credit for time served.[2]

On September 16, 2002, petitioner filed with the state district court a "Motion and Order for the Production of Documents" in which he requested a copy of the plea agreement, the transcript of the plea colloquy, the sentencing transcript, and the related minute entries.[3] That motion was granted on September 27, 2002.[4]

On April 17, 2003, petitioner filed a "Motion for Production of Boykin Examination of Habitual Offender Hearing."[5] That application was denied on April 22, 2003, because the copy

---

[2] State Rec., Vol. I of I, transcript of April 10, 2002.

[3] State Rec., Vol. I of I.

[4] State Rec., Vol. I of I, Order dated September 27, 2002.

[5] State Rec., Vol. I of I.

- 2 -

of the transcript had already been sent to him.[6] On May 6, 2003, petitioner apparently filed yet another motion for various documents relating to his criminal proceedings; that motion was denied as repetitive on May 9, 2003.[7]

On June 17, 2003, petitioner apparently filed with the state district court a motion to correct illegal sentence which was denied on June 20, 2003.[8]

On or after June 28, 2004, petitioner filed with the state district court a "Supplemental Brief Attachment in Support of Collateral Attack on Correction of Illegal Sentence"[9] which was denied on April 13, 2005.[10]

On May 4, 2005, petitioner filed with the state district court a "Motion for an Out-of-Time Appeal"[11] which was denied on May 12, 2005.[12]

---

[6] State Rec., Vol. I of I, Order dated April 22, 2003. The record reflects that the copy of the transcript was mailed to petitioner on or about February 21, 2003. State Rec., Vol. I of I, letter to petitioner from P. Corespo dated February 21, 2003.

[7] State Rec., Vol. I of I, Order dated May 9, 2003.

[8] State Rec., Vol. I of I, Order dated June 20, 2003.

[9] State Rec., Vol. I of I. The order denying that motion states that the motion was filed on June 28, 2004; however, the motion is stamped as having been filed on April 11, 2005.

[10] State Rec., Vol. I of I, Order dated April 13, 2005.

[11] State Rec., Vol. I of I.

[12] State Rec., Vol. I of I, Order dated May 12, 2005.

On July 22, 2005, petitioner filed with the state district court a "Motion of Reconsideration"[13] which was denied on July 26, 2005.[14]

On August 11, 2005, petitioner filed with the state district court a "Motion of Appeal (Out of Time)"[15] which was denied on August 17, 2005.[16] He then filed with the Louisiana Fifth Circuit Court of Appeal an application for a supervisory writ which was denied on November 7, 2005.[17]

On January 11, 2006, petitioner filed this federal application for *habeas corpus* relief.[18] In support of his application, petitioner claims:

1. Petitioner's guilty plea was unlawfully induced and involuntary;

2. Petitioner's conviction was obtained by use of a coerced confession;

3. Petitioner received ineffective assistance of counsel; and

---

[13] State Rec., Vol. I of I.

[14] State Rec., Vol. I of I, Order dated July 26, 2005.

[15] State Rec., Vol. I of I.

[16] State Rec., Vol. I of I, Order dated August 17, 2005.

[17] State v. Adams, No. 05-KH-884 (La. App. 5th Cir. Nov. 7, 2005) (unpublished); State Rec., Vol. I of I.

[18] Rec. Doc. 1.

    4.    Petitioner was denied the right to review or challenge the prosecution's evidence.

The state argues that petitioner's federal application is subject to dismissal both because he failed to exhaust his state court remedies regarding his claims and because his federal application is untimely.[19] The state is correct.

### Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner must normally first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts. "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." <u>Wilder v. Cockrell</u>, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules. <u>Dupuy v. Butler</u>, 837 F.2d 699, 702 (5th Cir. 1988).

Petitioner does not indicate in his federal application that he has sought review of his claims by the Louisiana Supreme Court. Additionally, the state has attached to its response a verification from the Clerk of the Louisiana Supreme Court indicating that petitioner has filed no writ applications with that court relating to the convictions challenged in this federal proceeding.[20] Moreover, a staff member of this Court contacted the Louisiana Supreme Court's Office of the Clerk

---

[19] Rec. Doc. 6.

[20] Rec. Doc. 6, Verification from the Clerk of the Louisiana Supreme Court dated February 16, 2006.

of Court by telephone on March 3, 2006, and was also informed that the court's computerized database showed no writ applications of any kind had been filed by petitioner in that court. Therefore, the state is correct in arguing that petitioner's federal application is subject to dismissal on the ground that he failed to exhaust his state court remedies prior to seeking relief in federal court.

However, the state also argues that petitioner's federal application is untimely. For the following reasons, this Court agrees and recommends that petitioner's federal application be dismissed with prejudice on that basis.

### Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction or sentence becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[21]

As noted, on April 10, 2002, petitioner pled guilty and was sentenced. Because he did not file a direct appeal within the five days allowed by state law, his convictions and sentences became final no later than April 17, 2002.[22] Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A),

---

[21] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, the alternative provisions do not appear to be applicable in the instant case.

[22] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). At the time of petitioner's conviction in 2002, La.C.Cr.P. arts. 13 and 914 provided that a defendant had five days, not including legal holidays and half-holidays, to notice his intent to appeal his conviction or sentence. In Louisiana, all Sundays are legal holidays and (except in Washington Parish under certain circumstances) all Saturdays are, depending on the locality, either holidays or half-holidays. La.Rev.Stat.Ann. § 1:55(A). In 2002, April 13 was a Saturday and April 14 was a Sunday; therefore,

the period that petitioner had to file his application for federal *habeas corpus* relief commenced on that date and expired one year later, i.e., on April 17, 2003, unless that deadline was extended through tolling.

The Court first looks to statutory tolling. The AEDPA provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no state applications for post-conviction relief or other collateral review pending at any time from April 17, 2002, through April 17, 2003. Petitioner's only state court filings during that period were his motions for production of transcripts and other documents. Such motions cannot fairly be considered applications for state post-conviction relief or other collateral review for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. <u>Parker v. Cain</u>, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), <u>certificate of appealability denied</u>, No. 03-30107 (5th Cir. June 23, 2003); <u>Boyd v. Ward</u>, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), <u>certificate of appealability denied</u>, No. 01-30651 (5th Cir. Aug. 22, 2001).[23]

---

out of an abundance of caution, this Court will not count those two days against petitioner when calculating the date his conviction became final.

[23] Nevertheless, even if petitioner were given tolling credit for those motions, his federal application would still be untimely.

The Court notes that petitioner filed various post-conviction motions *after* the expiration of the AEDPA's one-year statute of limitations. However, such applications filed after the expiration of the statute of limitations have no bearing on the timeliness of a petitioner's federal application. See <u>Scott v. Johnson</u>, 227 F.3d 260, 263 (5th Cir. 2000); <u>Magee v. Cain</u>, Civ. Action No. 99-3867,

The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before April 17, 2003, in order to be timely. Petitioner's federal application was not filed until January 11, 2006,[24] and it is therefore untimely.[25]

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the federal petition for *habeas corpus* relief filed by Tony Adams be **DISMISSED WITH PREJUDICE.**

---

2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

[24] Petitioner dated his application "1-11-05"; however, it is clear from the application and attachments that the date of signing was in fact January 11, *2006*. Rec. Doc. 1. That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes. Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

[25] Nevertheless, even if the District Court determines that petitioner's federal application was timely filed, the undersigned notes that the application is still subject to dismissal, as previously noted in this opinion, on the basis that petitioner failed to exhaust his state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighth day of March, 2006.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**